UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AIRWAIR INTERNATIONAL LTD., A COMPANY OF THE UNITED KINGDOM,<br><br>Plaintiff,<br><br>v.<br><br>ZOETOP BUSINESS CO., LIMITED D/B/A SHEIN, A HONG KONG CORPORATION, et al.,<br><br>Defendants. | Case No. 24-cv-08437-SI<br><br>**ORDER RE: MOTION TO DISMISS COUNTERCLAIMS AND STRIKE DEFENSES**<br><br>Re: Dkt. No. 76 |

This litigation is the sequel to a prior lawsuit filed in this Court and subsequently settled. Plaintiff AirWair International Ltd. brings claims that defendant Zoetop Business Co., Ltd., operating under the trade name Shein, breached the prior settlement agreement and continues to infringe on plaintiff's intellectual property rights. For the reasons stated below, the Court DENIES plaintiff's motion to dismiss defendants' counterclaims and the Court GRANTS in part plaintiff's motion to strike defendants' affirmative defenses with leave to amend.

**BACKGROUND**

In 2020, plaintiff AirWair International Ltd. filed suit against Zoetop Business Co., Ltd. alleging various claims related to trademark infringement or dilution. *AirWair International Ltd. v. Zoetop Business Co., Ltd.* (*AirWair I*), No. 3:20-cv-07696-SI (N.D. Cal.), Dkt. No. 1. In that litigation, AirWair sought to vindicate asserted rights in several trademarks and trade dress, including trademark registrations numbered 5,067,689 ("-689") and 5,067,692 ("-692") and the

Jadon Trade Dress.[1]  *Id.* ¶¶ 16-17.  In its asserted counterclaims, Zoetop then sought to cancel or, in the alternative, narrow the -689 and -692 registrations and invalidate or narrow AirWair's rights in the Jadon Trade Dress.  *Id.*, Dkt. No. 57 at 31-36.

In January 2022, the parties signed a settlement agreement that includes the following provision relevant to the present motion:

> ZOETOP acknowledges the validity in the United States of the Asserted Marks, . . . the [-689] Registration, the [-692] Registration, . . . and the Asserted Jadon Trade Dress and agrees not to contest the validity of the Asserted Marks, . . . the [-689] Registration, the [-692] Registration, . . . and the Asserted Jadon Trade Dress, or the ownership rights therein, including in any future proceedings between the Parties or before the U.S. Patent and Trademark Office or the Trademark Trial and Appeal Board; provided, however, that ZOETOP's acknowledgement of the validity, and agreement not to contest the validity of, . . . the Asserted Jadon Trade Dress, . . . the [-689] Registration, or the [-692] Registration shall not be construed as an acknowledgement of the validity in the United States, or agreement not to contest the validity of, any individual element of . . . the Asserted Jadon Trade Dress, . . . the [-689] Registration, or the [-692] Registration.

Dkt. No. 63-1 (Redacted Settlement Agreement) ¶ 1.  Plaintiff and Zoetop also agreed to file a stipulation for dismissal of the claims and counterclaims in that lawsuit with prejudice.  *Id.* ¶ 8.  The parties then filed a stipulated dismissal with prejudice on February 24, 2022 that the Court granted.  *AirWair I*, No. 3:20-cv-07696-SI (N.D. Cal.), Dkt. Nos. 104, 105.

Plaintiff filed a new lawsuit against Zoetop on November 25, 2024, alleging a breach of the settlement agreement and various other claims related to trademark infringement and dilution.  Dkt. No. 1.  The Court narrowed the scope of plaintiff's complaint in an order that dismissed some claims and required a more definite statement for others.  Dkt. No. 45.  On June 6, 2025, plaintiff filed a second amended complaint against Zoetop, Shein Distribution Corp., and Shein US Services, LLC.  Dkt. No. 60.

---

[1] As detailed in plaintiff's operative second amended complaint in the current case, the 5,067,689 ("-689") registration "consists of the design of a sole edge including longitudinal ribbing, and a dark color band over a light color."  Dkt. No. 60 (SAC) ¶ 30.  The 5,067,692 ("-692") registration "consists of longitudinal ribbing and a dark color band over a light color on the outer sole edge, welt stitching, and a tab located at the top back heel of footwear."  *Id.*  The Jadon Trade Dress consists of the following in combination: "1) contrast welt stitching; 2) a grooved sole edge; 3) an angled heel; 4) a distinctive, double-layered platform sole; 5) the AirWair "Quad" cleat pattern; and 6) a yellow and black heel loop."  *Id.* ¶ 27.

Two of the three defendants, Zoetop and Shein Distribution Corporation, have asserted counterclaims. Dkt. Nos. 69 at 64. Counterclaims IV, V, and VI seek to limit the marks depicted in the -692 and -689 registrations and the Jadon Trade Dress. Dkt. No. 69 at 83-84. In each case, defendants seek to limit plaintiff's rights in the mark or trade dress "to more accurately describe the very narrow rights alleged" in the mark or trade dress. *Id.*

All three defendants assert various affirmative defenses. Dkt. No. 69 at 57. At issue here are defendants' Eighth, Eleventh, Twelfth, Fifteenth, and Seventeenth affirmative defenses. Dkt. No. 76 at 12. ("Mot."). Defendants' Eighth defense states that plaintiff's "remedies are barred or limited, in whole or in part, by the due process provisions of the Constitution of the State of California and the Fourteenth Amendment of the Constitution." Dkt. No. 69 at 61. Defendants' Eleventh defense states that plaintiff's "claims or remedies are barred, in whole or in part, by the equitable doctrines of laches, waiver, estoppel, and/or acquiescence." Dkt. No. 69 at 62. Defendants' Twelfth defense states that plaintiff's "claims are barred, in whole or in part, because it has failed to mitigate any alleged damages." *Id.* Defendants' Fifteenth defense states that plaintiff's "claim in Design Patent No. D1,053,529 is invalid for failure to comply with the requirements of Title 35 of the United States Code, including, for example, 35 U.S.C. §§ 102, 103, and/or 112, and/or 171, and/or is overbroad and must be limited in scope to the ornamental aspects of the design." Dkt. No. 69 at 63. Defendants' Seventeenth defense states that plaintiff's "claims for relief are barred in whole or in part by prosecution history estoppel and/or prosecution history disclaimer based on amendments, statements, admissions, omissions, representations, disclaimers, and/or disavowals made during application for Patent No. D1,053,529." *Id.*

Plaintiff filed this motion to dismiss defendants' counterclaims IV, V, and VI and to strike defendants' five foregoing defenses.

**LEGAL STANDARD**

**I.      Dismissing Counterclaims**

Under Federal Rule of Civil Procedure 12(b)(6), a district court must dismiss a complaint if it fails to state a claim upon which relief can be granted. To survive a Rule 12(b)(6) motion to

3

1   dismiss, the plaintiff must allege "enough facts to state a claim to relief that is plausible on its face."
2   *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  This "facial plausibility" standard requires
3   the plaintiff to allege facts that add up to "more than a sheer possibility that a defendant has acted
4   unlawfully." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  While courts do not require "heightened
5   fact pleading of specifics," a plaintiff must allege facts sufficient to "raise a right to relief above the
6   speculative level." *Twombly*, 550 U.S. at 555, 570.

7   In deciding whether the plaintiff has stated a claim upon which relief can be granted, the
8   court must assume that the plaintiff's allegations are true and must draw all reasonable inferences
9   in the plaintiff's favor. *Usher v. City of Los Angeles*, 828 F.2d 556, 561 (9th Cir. 1987).  However,
10  the court is not required to accept as true "allegations that are merely conclusory, unwarranted
11  deductions of fact, or unreasonable inferences." *In re Gilead Sciences Sec. Litig.*, 536 F.3d 1049,
12  1055 (9th Cir. 2008) (citation and internal quotation marks omitted).

13  If a court dismisses the complaint, it must then decide whether to grant leave to amend.  The
14  Ninth Circuit has "repeatedly held that a district court should grant leave to amend . . . unless it
15  determines that the pleading could not possibly be cured by the allegation of other facts." *Lopez v.*
16  *Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000) (citations and internal quotation marks omitted).

18  **II.    Striking Affirmative Defenses**

19  An answer must "state in short and plain terms" the defenses to each claim asserted against
20  the defendant in order to provide plaintiffs with fair notice of the defense(s).  Fed. R. Civ. P. 8(b)
21  (1)(A).  Under Federal Rule of Civil Procedure 8(c), an "'affirmative defense is a defense that does
22  not negate the elements of the plaintiff's claim, but instead precluded liability even if all of the
23  elements of the plaintiff's claim are proven.'" *Barnes v. AT & T Pension Benefit Plan-*
24  *Nonbargained Program*, 718 F.Supp.2d 1167,1171-72 (N.D.Cal.2010) (quoting *Roberge v. Hannah*
25  *Marine Corp.,* 1997 WL 468330, at 3* (6th Cir.1997)).  Defendants bear the burden of proof for
26  affirmative defenses. *Kanne v. Connecticut General Life Ins. Co.,* 867 F.2d 489, 492 (9th Cir.1988).

27  Federal Rule of Civil Procedure 12(f) provides that a court "may strike from a pleading an
28  insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ.

4

1  P. 12(f).  A defense may be insufficient "as a matter of pleading or as a matter of substance."
2  *Security People, Inc. v. Classic Woodworking, LLC,* No. C–04–3133 MMC, at 2 (N.D.Cal. Mar.4,
3  2005).  An insufficiently pled defense fails to comply with Rule 8 pleading requirements by not
4  providing "plaintiff [with] fair notice of the nature of the defense" and the grounds upon which it
5  rests.  *Wyshak v. City Nat'l Bank*, 607 F.2d 824, 827 (9th Cir. 1979).  However, motions to strike
6  are generally disfavored.  *Rosales v. Citibank*, 133 F. Supp. 2d 1177, 1180 (N.D. Cal. 2001).  In
7  most cases, a motion to strike should not be granted unless "the matter to be stricken clearly could
8  have no possible bearing on the subject of the litigation."  *Platte Anchor Bolt, Inc. v. IHI, Inc.*, 352
9  F. Supp. 2d 1048, 1057 (N.D. Cal. 2004).  When a claim is stricken, "leave to amend should be
10 freely given" so long as no prejudice results against the opposing party.  *Wyshak*, 607 F.2d at 826.

**DISCUSSION**

**I.     Counterclaims**

The parties present what is essentially a dispute over the interpretation of paragraph 1 of the settlement agreement.  Plaintiff argues that the settlement agreement and *res judicata* bar counterclaims IV, V, and VI .  Plaintiff reads paragraph 1 of the settlement agreement -- where Zoetop "acknowledges the validity" of and "agrees not to contest the validity of" the -689 Registration, the -692 Registration, and the Asserted Trade Dress -- to broadly prevent any attack on these trademarks and trade dress.  Mot. at 11-12.  In response, defendants argue that plaintiff ignores the carveout reserving rights in paragraph 1, sentence 2 of the settlement agreement, which states that the settlement agreement shall not be construed as an acknowledgement of the validity of or an agreement not to contest the validity of "any individual element of" the registrations and dress in question.  Dkt. No. 79 ("Opp.") at 10-11.

First, plaintiff relies on the doctrine of *res* judicata, arguing that the defendants' dismissal of identical claims with prejudice pursuant to the settlement agreement bars counterclaims IV, V, and VI.  Mot. at 8.  *Res judicata* applies where there is (1) an identity of claims, (2) a final judgment on the merits, and (3) identity or privity between parties.  *Tritz v. U.S. Postal Serv.*, 721 F.3d 1133, 1141 (9th Cir. 2013).  Plaintiff is correct in asserting that the dismissal of an action with prejudice

5

constitutes a final judgment on the merits and precludes parties from reasserting the same claim in a subsequent litigation. *Int'l Union of Operating Eng'rs-Emps. Const. Indus. Pension, Welfare & Training Tr. Funds v. Karr*, 994 F.2d 1426, 1429 (9th Cir. 1993). However, the Ninth Circuit has explained that "a settlement can limit the scope of the preclusive effect of a dismissal with prejudice by its terms." *Wojciechowski v. Kohlberg Ventures, LCC*, 923 F.3d 685, 689 (9th Cir. 2019) (citation and internal quotation marks omitted). A court should look to the intent of the settling parties to determine the preclusive effect of a dismissal with prejudice entered in accordance with a settlement agreement, rather than to general principles of claim preclusion. *Id.* ("A judgment entered based upon the parties' stipulation, unlike a judgment imposed at the end of an adversarial proceeding, receives its legitimating force from the fact that the parties consented to it"). Plaintiff attempts to distinguish *Wojciechowski* on factual grounds because defendant in that case was not a party to the prior case, but this argument is unconvincing because the underlying principle of consent remains the same. Dkt. No. 81 ("Reply") at 4-5. The Court agrees with defendants that *res judicata* does not bar defendants' counterclaims unless the terms of settlement agreement reflect that intent.

Second, plaintiff argues that the plain language of the settlement agreement bars counterclaims IV, V, and VI. Mot. at 10-11. The language of an agreement governs its interpretation, if its language is "clear and explicit." Cal. Civ. Code. § 1638. Both parties argue that the language of the settlement agreement is clear and unambiguous, but their interpretations differ. Plaintiff argues that defendants' attempt to "rectify the register," or "restrict rights" or contest "individual elements" of the registrations and trade dress is essentially the same as contesting the validity of those registrations and trade dress, as barred by paragraph 1, sentence 1 of the settlement agreement. Mot. at 10-11. Plaintiff seems to read paragraph 1, sentence 2 of the settlement agreement to mean that defendants cannot challenge "individual elements" of the registrations and trade dress in this litigation, but that they are not prohibited from challenging individual elements of the registrations and trade dress in "other contexts." *Id.* Conversely, defendants contend that paragraph 1, sentence 2 of the settlement agreement expressly preserves their ability to challenge individual design elements of the trademarks and trade dress in this context. Opp. at 10.

Parties' competing interpretations over an ambiguity in a settlement agreement is a fact issue

that cannot be resolved on a motion to dismiss. *ASARCO, LLC v. Union Pac. R.R. Co*., 765 F.3d 999, 1008-09 (9th Cir. 2014). Language is deemed ambiguous when it is "reasonably susceptible to more than one meaning." *Id.* at 1009 (internal citation and quotations omitted). Each party in this case presents a reasonable, but significantly different, interpretation of the meaning of Paragraph 1 of the Settlement Agreement. Therefore, plaintiff's motion to dismiss counterclaims is DENIED.

## II.     Affirmative Defenses

Plaintiff also moves to strike defendants' Eighth, Eleventh, Twelfth, Fifteenth, and Seventeenth affirmative defenses, arguing that they are vague, conclusory, and are generally insufficient under the *Twombly/Iqbal* standard and thus fail to provide plaintiff with fair notice. Mot. at 12. Plaintiff argues that even under the more lenient "fair notice" standard the affirmative defenses at issue should be stricken as unsupported by any facts. Mot. at 13. In response defendants contend that *Twombly/Iqbal* standard should not be extended to affirmative defenses and that each of the affirmative defenses raised is sufficiently pled to provide plaintiff with fair notice. Opp. at 13-14. Both plaintiff and defendants acknowledge that lower courts are split as to whether the *Twombly/1qbal* standard applies to affirmative defenses. Defendants also argue that because defendants have begun to provide discovery regarding the defenses at issue, plaintiff's motion to strike is unnecessary. Defendants do not object, however, to amending its defenses if the Court so requires.

Although the Ninth Circuit has yet to rule on the issue, the majority of district courts require affirmative defenses to meet the heightened pleading standard dictated by the Supreme Court in *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007) and *Ashcroft v. Iqbal,* 556 U.S. 5662 (2009). *CTF Dev. Inc. v. Penta Hospitality, LLC,* No. C 09–02429, 2009 WL 3517617, at *7–8 (N.D.Cal. Oct.26, 2009) (requiring defendants "to proffer sufficient facts and law to support an affirmative defense"); *see also Barnes v. AT & T Pension Benefit Plan–Nonbargained Program,* 718 F.Supp.2d 1167, 1171–72 (N.D.Cal.2010) (finding there is "no reason why the same principles applied to pleading claims should not apply to the pleading of affirmative defenses"); *Hayne v. Green Ford Sales, Inc.,* 263 F.R.D. 647, 649–50 (D.Kan.2009) (noting extensive list of

7

cases in which district courts applied *Twombly* and *Iqbal* to affirmative defenses). Applying a heightened standard to affirmative defenses also "weed[s] out the boilerplate listing of affirmative defenses which is commonplace in most defendants' pleadings where many of the defenses alleged are irrelevant to the claims asserted." *Barnes,* 718 F.Supp.2d at 1172. This Court agrees with the majority of district courts and applies the heightened *Twombly/Igbal* pleading standard to affirmative defenses.

Applying this standard, the Eighth, Eleventh, Twelfth, and Seventeenth affirmative defenses are clearly deficient. They are a boilerplate list of common defenses untethered to any facts providing the plaintiff with sufficient notice. The Fifteenth affirmative defense proffers sufficient facts and law to satisfy the *Twombly/Iqbal* standard. Accordingly, this motion to strike is GRANTED with leave to amend as to the Eighth, Eleventh, Twelfth, and Seventeenth affirmative defenses and DENIED as to the Fifteenth affirmative defense.

## CONCLUSION

For the foregoing reasons and for good cause shown, the Court hereby **DENIES** plaintiff's motion to dismiss defendants' counterclaims and the Court **GRANTS** in part plaintiff's motion to strike defendants' affirmative defenses with leave to amend.

**IT IS SO ORDERED**.

Dated: September 16, 2025

SUSAN ILLSTON
United States District Judge